IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-19-319-F |
| ) | CIV-23-239-F |
| TIAHMO LENELL DRAINE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant, Tiahmo Lenell Draine, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Doc. no. 94. In addition to the motion and memorandum in support of the motion, defendant has filed a supplemental memorandum. Doc. no. 104.[1] Plaintiff, United States of America, has responded to defendant's filings. Doc. no. 105. Defendant has filed a reply to plaintiff's response. Doc. no. 106. The matter is at issue.

I.

*Procedural History*

On October 16, 2019, defendant was charged by indictment with possession with intent to distribute heroin in violation of 21 U.S.C § 841(a)(1) (Count 1), felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). Defendant proceeded to jury trial on all three

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

counts. On January 15, 2020, the jury found defendant guilty on all three counts. Subsequently, on July 20, 2020, the court sentenced defendant to 70 months' imprisonment on Counts 1 and 2 to run concurrently, and 60 months' imprisonment on Count 3 to run consecutively to Counts 1 and 2, for a total of 130 months' imprisonment. Judgment was entered that same day.

Defendant appealed his convictions, challenging the court's admission of certain testimony and a 911 call recording. The Tenth Circuit rejected the evidentiary challenge and affirmed defendant's convictions.

Defendant timely filed his § 2255 motion. He claims that trial counsel rendered constitutionally ineffective assistance of counsel (1) by failing to file a motion for judgment of acquittal under Rule 29, Fed. R. Crim. P., based on the insufficiency of the evidence to support Count 3 at the close of the government's case and at the close of evidence or after the jury's guilty verdict; and (2) by failing to request a specific unanimity instruction because two separate offenses were included in the same count. He also claims that appellate counsel rendered constitutionally ineffective assistance of counsel by failing to appeal the jury's guilty verdict on Count 3 based upon insufficiency of the evidence. Further, defendant directly challenges Count 3 for insufficiency of the evidence.

II.

*Discussion*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court laid out the framework for an ineffective assistance of counsel claim. Under it, defendant must show (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," *id*. at 687-88, and (2) the deficient performance prejudiced the defendant's defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id*.  If the defendant fails to make a sufficient showing at either step of the analysis, the court must deny the alleged ineffective assistance of counsel claim. *Id*. at 697.

Although Strickland set forth standards for determining effectiveness of trial counsel, those same standards apply in assessing the effectiveness of appellate counsel. *See*, United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  When, as here, the defendant claims his appellate counsel provided ineffective assistance by failing to raise an issue on direct appeal, the court examines the merits of the omitted issue. *Id*.  If the omitted issue is without merit, counsel's failure to raise the issue does not constitute constitutionally ineffective assistance of counsel. *Id*. at 393.

As to his first claim, failure to file a Rule 29 motion for insufficiency of the evidence as to Count 3, the court finds defendant has failed to demonstrate deficient performance by trial counsel.  According to defendant, trial counsel was ineffective because she did not make a Rule 29 motion at the close of the government's case and did not renew that motion at the close of the evidence or after the jury's guilty verdict.  The record reveals that at the close of the government's case, the court offered trial counsel the option of hearing a "very concise Rule 29 motion" at that time or deferring that motion until "the jury is out." Doc. no. 105-2, ECF p. 149, ll. 1-2.  Because trial counsel represented that "it doesn't matter to us," *id*. at l. 5, the court deferred hearing the Rule 29 motion.  Trial counsel proceeded to present testimony from one witness and then rested defendant's case.  While the jury was out of the courtroom waiting on the court's duplication of jury instructions, the court heard a general Rule 29 motion from trial counsel as to Count 1 and Count 3, and the court denied the motion.  *See*, doc. no. 105-2, pp. 169-173.  While trial counsel did not make the Rule 29 motion at the close of the government's case and did not renew that motion after presenting evidence or after the jury's verdict, trial counsel's general Rule 29 motion as to Count 1 and 3 at the close of all the evidence preserved

3

defendant's challenge to the sufficiency of evidence.  *See*, United States v. Kelly, 535 F.3d 1229, 1234-35 (10th Cir. 2008) ("[I]f a defendant files a general motion for acquittal that does not identify a specific point of attack, the defendant is deemed to be challenging the sufficiency of each essential element of the government's case[.]").

Even if trial counsel's performance were constitutionally deficient as defendant claims, the defendant has failed to demonstrate prejudice.  Defendant has not shown that the court's ruling with respect to the Rule 29 motion would have been different.  (And it would not have been different.)  Further, defendant complains that trial counsel's failure to renew the Rule 29 motion after the jury's verdict prevented him from having an "automatic appeal" of the sufficiency of evidence as to Count 3 and prevented a de novo review by the Tenth Circuit of the matter.  Doc. no. 94-1, ECF p. 8 and doc. no. 104, ECF p. 1.  However, the Tenth Circuit's analysis of a sufficiency of the evidence claim under the plain-error standard would not have been different from under the de novo standard.  *See*, United States v. Williams, 934 F.3d 1122, 1127 n. 6 (10th Cir. 2019) ("[I]n the context of sufficiency of the evidence claim, . . . the plain error standard is essentially the same as the usual de novo standard.") (quotation marks and citation omitted).  "[I]nsufficiency of the evidence generally meets the plain error test."  *Id*. at 1127 (quotation marks and citation omitted).

With respect to the second claim, failure to request a specific unanimity instruction, the court finds that defendant likewise has failed to demonstrate deficient performance by trial counsel.  Defendant asserts that the instruction was necessary because the indictment charged two separate offenses in one count.  However, he does not specify what two offenses were charged in any one count.  And the court does not find that the indictment charged more than one offense in any of the counts.  Further, the note to the Tenth Circuit's Unanimity of Theory pattern jury instruction

4

states that such instruction should be given "when the government introduces evidence that the defendant committed multiple acts which may constitute an element of the crime." Criminal Pattern Jury Instructions, Instruction No. 1.24, Use Note (2021 Edition). At trial, the government did not introduce evidence that the defendant committed multiple acts which may have constituted an element of any of the crimes. Further, the court, as agreed to by trial counsel, gave the jury a general instruction of the requirement of unanimity. The Tenth Circuit has held that "it is assumed that a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict." United States v. Phillips, 869 F.2d 1361, 1366 (10th Cir. 1988), *cert. denied*, 490 U.S. 1069 (1988). "Absent a 'realistic possibility of jury confusion as to the acts which support the conviction,'" this general rule applies. United States v. O'Brien, 131 F.3d 1428, 1432 (10th Cir. 1997) (quoting Phillips, 869 F.2d at 1367). Here, defendant has failed to identify facts and circumstances showing a realistic possibility of jury confusion as to the acts which support defendant's convictions. The court therefore concludes that trial counsel did not act objectively unreasonably in failing to request a specific unanimity instruction.

As to the third claim—failure of appellate counsel to appeal the jury's guilty verdict on Count 3 for insufficiency of evidence—the court concludes that defendant cannot establish deficient performance on the part of appellate counsel. The alleged omitted issue is without merit. Under the test for evaluating the sufficiency of the evidence, as enunciated by the Supreme Court in Jackson v. Virginia, 443 U.S. 307,

319 (1979),[2] the evidence, taken as a whole, and viewed in the light most favorable to the government, was sufficient for the jury to find beyond a reasonable doubt that defendant was guilty of possession of a firearm in furtherance of a drug trafficking crime as charged in Count 3. Testimony at trial established that defendant possessed a sling-style backpack which contained a vacuum-sealed bag containing heroin. Also found in the backpack was a green notebook labeled "Owe Money" with a list of names, dates, and dollar amounts consistent with heroin sales, a digital scale with brown stains, which appeared to be heroin stains, and two silicone disks, one with approximately .2 grams of heroin and one with some brown residue that appeared to be heroin residue. The total amount of heroin discovered by the officers was 2.2 grams. Further, defendant possessed a previously reported stolen firearm which was chamber-loaded, and which was accessible by defendant and in proximity to the heroin and drug paraphernalia. That evidence was sufficient for the jury to find beyond a reasonable doubt that the firearm was possessed in furtherance of drug trafficking. *See*, United States v. Trotter, 483 F.3d 694, 702 (10th Cir. 2007) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.") (quoting United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003)).

In sum and for the reasons stated, the court concludes that each of defendant's ineffective assistance of counsel claims fails on its merits.

---

[2] The relevant question is whether "any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Jackson, 443 U.S. at 319; *see also*, United States v. Busby, 421 Fed. Appx. 776, 778-781 (10th Cir. 2009) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Lastly, defendant directly challenges Count 3 for insufficiency of the evidence. As pointed out by the government, defendant failed to raise this issue on direct appeal. "When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012) (quotation marks and citations omitted). "The fundamental miscarriage of justice exception to procedural default is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. (quotation marks, citations and alteration omitted).

Here, defendant does not show cause excusing his procedural default, and he does not allege that a fundamental miscarriage of justice will result if the court fails to consider his direct insufficiency of evidence claim. The court therefore concludes that defendant's challenge to Count 3 based on insufficiency of the evidence is procedurally defaulted.

### III.
*Evidentiary Hearing*

The court file and record conclusively show that defendant is not entitled to relief under 28 U.S.C. § 2255. A hearing is therefore not warranted. *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain

7

whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

IV.

*Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court finds that defendant cannot satisfy this standard. The court thus denies a certificate of appealability.

V.

*Conclusion*

Accordingly, defendant, Tiahmo Lenell Draine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 94), is **DENIED**. A certificate of appealability is also **DENIED**. Judgment shall issue forthwith.

IT IS SO ORDERED this 14th day of July, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0319p012.docx