# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>TIAHMO LENELL DRAINE, )<br>)<br>Defendant. ) | Case Nos. CR-19-319-F<br>CIV-23-239-F |

## ORDER

Before the court is the motion of defendant Tiahmo Lenell Draine requesting the court to reconsider, under Rule 59(e), Fed. R. Civ. P., the order and judgment denying his 28 U.S.C. § 2255 motion and to reopen the proceedings for an evidentiary hearing under United States v. Wilson, 17 F.4th 994 (10th Cir. 2021). Doc. no. 109. Upon review, the court finds no response from plaintiff United States of America is required.

As defendant has timely filed his Rule 59(e) motion, the court may consider it. *See*, Banister v. Davis, 140 S.Ct. 1698, 1708 (2020) (Rule 59(e) motions are not second or successive petitions, but instead are a part of a prisoner's first habeas proceeding). Grounds warranting a motion to reconsider under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id*. Here, defendant's Rule

59(e) motion does not cite to any intervening change in the law or to any newly discovered evidence since the court entered its order and judgment. Further, it fails to demonstrate clear error or manifest injustice.

Accordingly, defendant's motion to reconsider under Rule 59(e), Fed. R. Civ. P., and to reopen for the proceedings for evidentiary hearing (doc. no. 109) is **DENIED**.

IT IS SO ORDERED this 31st day of July, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0319p014.docx