## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-319-D |
| | ) | |
| TIAHMO LENELL DRAINE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is *pro se* Defendant Tiahmo Lenell Draine's "Motion for Relief from Judgment Pursuant to Rule 60(b)(6)" [Doc. No. 116][1], in which he challenges his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime.[2]  Upon review, the Court finds no response from Plaintiff, United States of America, is required.

## BACKGROUND

On January 15, 2020, a jury found Defendant guilty of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count 1), felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). [Doc. No. 42]. Subsequently, on July 20, 2020, Judge Friot sentenced Defendant to 70

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.
[2] Because Defendant litigates this matter *pro se*, the Court construes his Motion liberally but does not act as his advocate. *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

months' imprisonment on Counts 1 and 2 to run concurrently, and 60 months' imprisonment on Count 3 to run consecutively to Counts 1 and 2, for a total of 130 months' imprisonment.[3] [Doc. No. 62]. Defendant filed an unsuccessful direct appeal and subsequently filed a habeas petition pursuant to 28 U.S.C § 2255. In Defendant's first § 2255 motion, he challenged, in relevant part, the jury's finding of guilt on Count 3 for insufficiency of the evidence. [Doc. Nos. 94, 104, & 106]. Judge Friot denied the § 2255 motion [Doc. No. 107]. Judge Friot did not reach the merits of Defendant's challenge to the sufficiency of the evidence of Count 3, finding it procedurally defaulted because Defendant failed to raise the issue on direct appeal. *Id.* at p. 7. Defendant appealed and asserted that his conviction for Count 3 was invalid because he only possessed a quantity of heroin for personal use. [Doc. No. 111]. The Tenth Circuit affirmed and declined to consider Defendant's argument regarding the quantity of heroin he possessed, because "he did not raise it in his § 2255 motion before the district court." [Doc. No. 115, at p. 3].

On July 7, 2025, Defendant filed the instant Motion [Doc. No. 116]. In his Motion, Defendant requests the Court vacate his conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3), and thus, reduce his sentence. *Id.* He argues that pursuant to Fed. R. Civ. P. 60(b)(6), a reduction in his sentence is warranted because the quantity of heroin he possessed is insufficient to support the finding that he committed the prerequisite drug trafficking offense to support his conviction. *Id.*

---

[3] District Judge Stephen P. Friot originally presided over this case, but it was transferred to the undersigned on July 7, 2025. [Doc. No. 117].

## DISCUSSION

As an initial matter, the Court must determine whether the Motion is a true Rule 60(b) motion or a second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "The relief sought - not a motion's title - determines whether a movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255." *United States v. Hall*, No. CR 06-20162-01-KHV, 2018 WL 6590326, at *2 (D. Kan. Dec. 14, 2018) (citing *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)). A motion that "'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction' is a second or successive" habeas petition. *United States v. Steele*, 748 F.App'x 858, 859 (10th Cir. 2019) (quoting *Spitznas*, 464 F.3d at 1215). A motion is a Rule 60 motion "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1216 (internal citations omitted).

Although Defendant's Motion is couched as a Rule 60 motion, Defendant's arguments attack the underlying validity of his conviction and sentence. His arguments fall squarely within the scope of 28 U.S.C. § 2255. Accordingly, the Court construes Defendant's Motion as a § 2255 motion.

As noted, Defendant previously filed a § 2255 motion. [Doc. No. 94]. Thus, Defendant's Motion constitutes a successive § 2255 motion.  However, "[b]efore a federal

3

prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). Because Defendant has not obtained prior authorization, the Court "may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252.

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter" for authorization. *Id.* Because Defendant has failed to identify (1) newly discovered evidence, or (2) the existence of a new rule of constitutional law made retroactive, transferring this matter is not in the interest of justice. *See* 28 U.S.C. § 2255(h). Accordingly, the Court finds Defendant's Motion should be dismissed for lack of jurisdiction. *See In re Cline*, 531 F.3d at 1252. Furthermore, because the existing record shows conclusively that Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion [Doc. No. 116] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. A judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability

("COA") when it enters a final order adverse to a movant. A COA may issue only upon a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of a prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds that the standard is not met in this case. Therefore, a COA is **DENIED**.

     **IT IS SO ORDERED** this 19th day of September, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge